IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MONICA G.F.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil No. TMD 20-1132 |
| v. | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| | *********** | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Monica F. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 18).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On August 13, 2019, Administrative Law Judge ("ALJ") George Gaffaney held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 39-64. The ALJ thereafter found on September 9, 2019, that Plaintiff was not disabled from her alleged onset date of disability of June 25, 2015, through the date of the ALJ's decision. R. at 24-38. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since June 25, 2015, and that she had severe impairments. R. at 29-30. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 30-31.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally lift 20 pounds, frequently lift 10 pounds, and stand, walk, and sit for six hours out of an 8-hour day. She can occasionally climb stairs, stoop, balance, kneel, crouch, and crawl, but can never climb ladders, and can tolerate occasional exposure to cold extremes and wetness.

R. at 31.[2] In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a store manager and secondary-school teacher. R. at 34. The ALJ thus found that Plaintiff was not disabled from June 25, 2015, through September 9, 2019. R. at 34.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on May 4, 2020, a complaint in this Court seeking review of the Commissioner's decision. Upon the

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).


IV

**Discussion**

Plaintiff contends that the ALJ's RFC assessment is legally insufficient because the ALJ's RFC assessment and hypothetical questions to the VE did not represent all her impairments, including her limitations with concentration and fatigue.  Pl.'s Mem. Supp. Mot. Summ. J. 10-12, ECF No. 15-1 (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)).  For the following reasons, Plaintiff's contentions are unavailing.

Plaintiff maintains that the medical evidence and testimony do not support the ALJ's RFC assessment, pointing to the treatment notes of her treating physician, Richard Meyer, M.D., who "consistently keeps [her] in an off-work status" and who ordered her "to stay out of work for four years prior to the ALJ's decision that essentially dismisses Dr. Meyer's expertise and treatment opinions." *Id.* at 11.  The ALJ noted in his decision:

> On August 28, 2018, Richard Meyer M.D., prepared a medical source statement and opined that [Plaintiff] could stand, sit, and walk for less than two hours out of an 8-hour day, requires unscheduled breaks [every] hour lasting for 10-minutes at a time, and needs to walk every 10 minutes for 2-minutes at a time. She could rarely lift less than 10 pounds, never lift 10 pounds or more, rarely look down, turn head to the right or left, or look up.  She could never twist, stoop, crouch, squat, or climb ladders, could use her right upper extremity 10% of each work day to twist, reach overhead and perform fine and gross manipulations, and use her left upper extremity only 5% of each workday.  She would be off-task 25% or more of each work day, was incapable of even a low stress job, and would miss more than four days of work per month.

R. at 33 (citations omitted); *see* R. at 624-29, 636-38.  The ALJ found, however, that "the preponderance of the evidence does not support such extreme limitations," and he reviewed the evidence in the record before ultimately finding that "[t]hese normal observations are inconsistent with the limitations set forth by Dr. Meyer.  Accordingly, the doctor's medical

source statement is not entirely persuasive." R. at 33. "Later, Dr. Meyer opined that [Plaintiff] was permanently partially disabled. However, finding[s] of disability are issues reserved exclusively to the Commissioner. Accordingly, the doctor's opinion is not persuasive." R. at 33 (citation omitted); *see* R. at 645-50.

For claims filed on or after March 27, 2017 (such as Plaintiff's), the Commissioner does not give any specific evidentiary weight, including controlling weight, to any medical opinion. 20 C.F.R. § 404.1520c(a). Rather, the Commissioner considers medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. *Id.* § 404.1520c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion, and the Commissioner is not required to explain the consideration of the other three factors. *Id.* § 404.1520c(b)(2).[4] "The new regulations further deem 'inherently neither valuable nor persuasive,' 20 C.F.R. §§ 404.1520b(c), 416.920b(c), '[s]tatements on issues reserved to the Commissioner,' 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3), such as statements that a claimant does not qualify as disabled or remains unable to work, 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i)." *Footman*, 2020 WL 6728937, at *10 (alteration in original).

---

[4] "'Supportability' means '[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation.' 'Consistency' denotes 'the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim.'" *Footman v. Saul*, No. 1:19CV1200, 2020 WL 6728937, at *10 n.9 (M.D.N.C. Nov. 16, 2020) (alteration in original) (citations omitted).

Here, in finding that Dr. Meyer's opinion was not persuasive, the ALJ considered the opinion in accordance with the requirements of 20 C.F.R. § 404.1520c (R. at 31), including the opinion's support by objective medical evidence and its consistency with evidence from other sources (R. at 33), and Plaintiff does not maintain that the ALJ erred in this regard. "Based on the foregoing, the court finds that Plaintiff has failed to demonstrate that the ALJ's evaluation of Dr. [Meyer's] opinions is unsupported by substantial evidence or based on an incorrect application of the law." *Evans v. Saul*, No. 0:20-2001-PJG, 2021 WL 753580, at *5 (D.S.C. Feb. 26, 2021).

Plaintiff also argues that Mustafa A. Haque, M.D., an orthopedic hand and wrist specialist, "noted that [she] would never regain full use of her left hand/wrist," which contradicts the ALJ's RFC assessment. Pl.'s Mem. Supp. Mot. Summ. J. 11, ECF No. 15-1. As Defendant points out, Dr. Haque noted on April 19, 2019, that Plaintiff eventually would need surgery on her left wrist, which would result in "nearly 50% loss of range of motion of the wrist compared to normal." R. at 704. The ALJ noted, however, a normal range of motion, sensations, and reflexes in Plaintiff's left wrist on that date. R. at 32; *see* R. at 643-44. Because Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim," her contention in this regard also is unavailing. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Plaintiff finally argues that remand is warrant under *Mascio* because the ALJ's RFC assessment did not address her limitations with concentration and fatigue. Pl.'s Mem. Supp. Mot. Summ. J. 11, ECF No. 15-1. According to Plaintiff, "[f]ailing to include non-exertional limitations, including an off-task limitation, in the RFC undermines the basis for [the] ALJ's denial." *Id.* at 12 (citing *Mascio*). As noted above, however, the ALJ found that Dr. Meyer's

9

opinion, including his opinion that Plaintiff would be off task at least 25% of a typical workday, was not persuasive.  Further, the ALJ did not find at step three of the sequential evaluation process that Plaintiff had any limitation in concentrating, persisting, or maintaining pace, so *Mascio* does not apply here.  *See Mascio*, 780 F.3d at 637-38.  Plaintiff's argument is thus without merit.

Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ.  *Hancock*, 667 F.3d at 472.  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision.  *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).  Because substantial evidence in the record supports the ALJ's decision, the Court affirms the Commissioner's final decision.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.  Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) are **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: April 1, 2021                                /s/
                                                                         Thomas M. DiGirolamo
                                                                         United States Magistrate Judge